■ DEREK PERKINS et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents.—In an action, *inter alia,* for a judgment declaring a town resolution unconstitutional and for an award of counsel fees pursuant to 42 USC § 1988, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated January 7, 1985, which, after a hearing, granted the defendants' motion to dismiss their severed cause of action for an award of counsel fees.

Judgment reversed, on the law and the facts, with costs, motion denied, judgment awarded to plaintiffs on the issue of liability and matter remitted to the Supreme Court, Suffolk County, for a hearing on the issue of the amount of counsel fees to be awarded.

The Town Board of the Town of Huntington (hereinafter the town board) passed a resolution, after a public hearing, amending a section of the Town Code of Ordinances by raising the deposit fee for commercial and industrial refuse at the town's refuse disposal facility to six times the fee that had previously been charged for commercial and industrial refuse and six times the fee that was still being charged for the deposit of residential waste. The amended town ordinance imposed no fee if the refuse was delivered by private car. The plaintiffs, industrial firms, taxpayers and industrial refuse carter services in the town, sought a declaration under 42 USC § 1983 that the resolution and the amended ordinance were unconstitutional because they deprived them of equal protection of the law without a rational basis and they sought to enjoin the town from enforcing the amended ordinance. The plaintiffs also sought damages for the violation of their constitutional rights. Special Term found that the resolution was violative of plaintiffs' right to equal protection of the laws since it lacked a rational basis, and enjoined the town board from enforcing the amended ordinance. However, Special Term did not award damages because plaintiffs had failed to submit evidence in support thereof. The court then considered the plaintiffs' claim for reimbursement of their counsel fees reasonably spent in prosecuting this civil rights action. Defendants' motion to dismiss the request for an award of counsel fees was granted after a hearing.

The defendants have failed to satisfy their burden to establish special circumstances which would militate against an

award of counsel fees under 42 USC § 1988, and therefore, the trial court erred in denying such an award *(see, Matter of Johnson v Blum,* 58 NY2d 454). The fact that plaintiffs were fortunate enough to be financially able to retain private counsel and advance a portion of the fee is irrelevant *(Milwe v Cavuoto,* 653 F2d 80; *see also, Sargeant v Sharp,* 579 F2d 645). Moreover, an award of counsel fees in this instance is in furtherance of the legislative intent underlying 42 USC § 1988 which was to stimulate enforcement of the civil rights laws by entitling those who vindicate their own civil rights to reimbursement for their legal expenses *(see, Newman v Piggie Park Enters.,* 390 US 400; *Northcross v Memphis Bd. of Educ.,* 412 US 427).

Upon remittal Special Term shall conduct an evidentiary hearing on the issue of the amount of fees to be awarded to plaintiffs' counsel *(see, Matter of Rahmey v Blum,* 95 AD2d 294). In making its award the court shall apply the rule that the award shall include payment for those hours reasonably spent by the plaintiffs' attorney in litigating an appeal, even if the appeal was taken only on the issue of the award of counsel fees *(see, Matter of Rahmey v Blum, supra; Gagne v Maher,* 594 F2d 336, *affd* 448 US 122). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.