OPINION OF THE COURT
Per Curiam.
Judgment entered April 6, 1988 modified by reducing the award of attorneys’ fees to tenants to the sum of $12,352.50; as modified, judgment affirmed, without costs.
In this tenant-initiated code enforcement proceeding to direct the landlord to remove conditions constituting violations of the Housing Maintenance Code (Administrative Code of City of New York § 27-2001 et seq.), Civil Court properly invoked Real Property Law § 234 in awarding attorneys’ fees to the prevailing tenants. The leases contained a standard attorneys’ fees provision, so that landlord is deemed to have agreed to pay tenants their reasonable attorneys’ fees incurred "as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease[s]” (Real Property Law § 234). Since the conditions giving rise to the proceeding clearly constituted a breach of the express warranty of habitability stated in the leases, as well as a breach of the implied warranty of habitability (Real Property Law § 235-b), landlord was in default of its covenant to provide habitable premises and tenants are entitled to recover the reasonable attorneys’ fees incurred by them to enforce that covenant.
We further agree that the contingent nature of the retainer agreement between the tenants and their counsel does not preclude an award of attorneys’ fees under section 234 (see, Maplewood Mgt. v Best, 143 AD2d 978), and that the award in this case was fair and reasonable. The court erred, however, in awarding "fees on fees”, i.e., fees incurred as a consequence of the assessment on the question of attorneys’ fees. Neither the attorneys’ fees provision, nor its statutory reciprocal, may reasonably be construed as authorizing an award for time spent in seeking the fees themselves (Doyle v Allstate Ins. Co., 1 NY2d 439, 444; Krear & Co. v Nineteen Named Trustees, 810 F2d 1250, 1266-1267 [2d Cir 1987]). We have modified the judgment accordingly.
Sandifer J. P., Parness and McCooe, JJ., concur.