■ STEVEN J. KUMBLE, Plaintiff, v WINDSOR PLAZA COMPANY, Defendant, HAROLD HERMAN, as Trustee, et al., Appellants-Respondents, and GAIL SHEEHY, Respondent-Appellant. (Action No. 1.) HAROLD HERMAN, as Trustee, Appellant-Respondent, v GAIL SHEEHY, Respondent-Appellant. (Action No. 2.) GAIL SHEEHY, Respondent-Appellant, v HAROLD HERMAN, as Trustee, Appellant-Respondent. (Action No. 3.)—Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about December 22, 1988, which, *inter alia,* awarded cross-appellant attorneys' fees and disbursements of $378,804.54 with interest of $90,973.09 and denied her application for compensatory and punitive damages without prejudice to her instituting a new action for such relief, is unanimously affirmed, without costs.

The fee awarded to the tenant's present attorneys was based largely on a finding that they should be compensated $271,387.50 for 1,604 hours of work performed prior to the hearing conducted pursuant to this court's remand *(Kumble v Windsor Plaza Co.,* 128 AD2d 425, *lv dismissed* 70 NY2d 693), and an additional $50,000 for an unspecified number of hours of work performed at that four-day hearing and immediately thereafter in preparing posthearing memoranda. The landlord does not challenge either the number of hours worked or the necessity of any particular items of work performed, and otherwise leaves virtually unchallenged the trial court's findings of fact. Absent such a challenge, we are left with no facts to review, except such as are immediately apparent through simple arithmetic, the most salient of which is an average rate of compensation of $169 an hour for the work performed up to the hearing on remand, a not unreasonable rate given the nature of the services rendered and the results achieved.

While we do not need argument from the landlord to suspect that the $50,000 awarded for the hearing was excessive, we choose not to disturb the judgment, since, to the extent the tenant's attorneys are overcompensated for the hearing, to that extent they should be compensated for this appeal *(see, Perkins v Town of Huntington,* 117 AD2d 726, 727). We should also note that of the $470,000 judgment, $54,000 represents disbursements, $91,000 represents interest, $4,000 represents the fee awarded to the tenant's former attorney, $250 represents a contempt fine, and $150 represents statutory costs, none of which is challenged by the landlord on appeal.

The landlord cannot expect this court to review the tenant's attorneys' extensive proof describing their services and substantiating 1,604 hours of work over 3½ years, all credible on its face, and, on its own, without any guidance whatsoever, come up with reasons why some unspecified portion of that work should be discounted *(see, Matter of Rahmey v Blum,* 95 AD2d 294, 301 ["If a Judge decides to eliminate hours of service adequately documented by the attorneys, he must identify those hours and articulate his reasons for their elimination *(Northcross v Board of Educ.,* 611 F2d 624, 637, cert den 447 US 911)."]). We suspect that the trial court, which in granting the fee application in the exact amount demanded for the prehearing services, noted that the landlord "offered nothing to contradict or diminish the testimony and time records submitted in evidence", must have felt similarly constrained by the absence of any appreciable opposition on the facts.

The only argument of any merit made by the landlord is that the trial court should not have compensated the tenant's attorney's for time spent in proving the value of their services, a so-called "fee on a fee". No attempt is made by the landlord to show how much of the total fee award is made up of a fee on a fee; our own review indicates that it is probably not more than $75,000 inclusive of the hearing on remand. Be that as it may, we hold that it was not error to make allowance for a fee on a fee in the absence of argument by the landlord that he himself would not have been entitled to such an allowance under the parties' lease had he prevailed, and, just as important, given the trial court's finding, affirmed on the prior appeal, that the landlord's position that the tenant was in violation of the lease was "ludicrous" on the merits and retaliatory in motive. While we do not decide that a prevailing tenant would be entitled to a fee on a fee under Real Property Law § 234 given a reciprocal lease provision

that excludes it and/or a nonretaliatory eviction proceeding by the landlord *(see, 313 W. 100th St. Tenants Assn. v Kepasi Realty Corp.,* 143 Misc 2d 566 [App Term, 1st Dept]), we do comment that there is nothing in Real Property Law § 234 itself that excludes a fee on a fee, and that persuasive if not binding authority strongly suggests that statutes creating a right to attorneys' fees are served by its allowance *(Matter of Fresh Meadows Med. Assocs. [Liberty Mut. Ins. Co.],* 49 NY2d 93, 98-99). Although *Fresh Meadows* has been overruled by regulatory authority excluding a fee on a fee in the no-fault insurance context of that case *(see, Hempstead Gen. Hosp. v Allstate Gen. Ins. Co.,* 106 AD2d 429, *affd for reasons stated at App Div* 64 NY2d 958), its rationale in other contexts, especially Real Property Law § 234, one purpose of which is to discourage unnecessary litigation "in th[e] hotly contested and emotional field" of landlord-tenant relations *(Cier Indus. Co. v Hessen,* 136 AD2d 145, 151), remains undiminished.

Turning to the cross appeal, while we cannot say that it would have been an abuse of discretion had the trial court entertained the tenant's demand for compensatory and punitive damages, neither can we say that it was an abuse of discretion for it not to. These damages are sought pursuant to Real Property Law § 223-b entitling a tenant to money damages and/or equitable relief when a landlord institutes eviction proceedings in retaliation for the tenant's efforts to secure rights under a lease. Retaliation was pleaded by the tenant in her answer to the landlord's eviction proceeding, action No. 2, but only as a defense, not a counterclaim, and neither damages, compensatory or punitive, nor equitable relief was specifically demanded. Although, as the trial court noted, "[t]he main parts" of this landlord-tenant dispute were decided by a jury, the trial court, in its decision of April 8, 1986, handed down one day after the jury came in with its verdict, nevertheless undertook to adjudicate the question of whether action No. 2 was retaliatory, and decided that it was, why the trial court thought it necessary to do so is not clear, since, it seems, all of the relief granted in the ensuing judgment of May 19, 1986 could have been granted without such an adjudication, solely on the basis of the jury's verdict. Certainly, there is nothing in the trial court's decision to indicate that a finding of retaliation was a necessary predicate to the injunctive relief granted in that judgment. Indeed, aside from the effect we give it now as a buttress for the award of a fee on a fee, the finding of retaliation was, at the time it was made, seemingly without consequence except as it might be given res judicata effect in a subsequent action for damages.

In any case, having obtained a ruling that action No. 2 was retaliatory, the tenant did not then demand damages (perhaps because, as indicated by the trial court, she was not then prepared to "document her claimed losses", or perhaps because her damages were not then large enough to bother with), but instead caused the judgment of May 19, 1986 to be entered. It was not until two years later, after the landlord was held in contempt of the injunctive provisions of that judgment, that the tenant sought leave to amend her pleadings to demand damages. This contempt order (for which the tenant's attorneys were also compensated) is claimed by the tenant to be a concurrent source of her substantive right to damages; however, "[i]n part because of the complex technicalities involved in an application [for damages under] Judiciary Law Section 773", she prefers instead to base her claim for damages on Real Property Law § 223-b and "common law principles". The choice, of course, was the tenant's to make, but, having made it, the question of whether the fine imposed by the trial court was properly limited to $250 becomes academic, since, if damages are to be awarded, they must, by reason of that choice, be attributed to the retaliatory eviction and not the contempt. But, as noted, because damages for retaliatory eviction had not been demanded as of the time the May 19, 1986 judgment was entered, the finding of retaliatory eviction was superfluous for purposes of that judgment, and indeed was without any apparent consequence whatsoever save insofar as it might be given res judicata effect in another action. Such considerations might well have influenced the tenor of the argument on the prior appeal, and make it appropriate to hold the tenant to what was apparently her original strategy of saving her damages claim for another action, as permitted by the permissive counterclaim rule. And, if it was not an abuse of discretion for the trial court to relegate the tenant to another action for the damages she seeks in connection with a retaliatory eviction embraced within the pleadings, it certainly was not an abuse of discretion for it to so relegate her for the damages she seeks in connection with a later retaliatory eviction not embraced within the pleadings.

We should note that the landlord, as limited by his briefs, does not appeal from that part of the judgment as granted the tenant leave to institute another action for damages. Concur— Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.