OPINION OF THE COURT
Aldo A. Nastasi, J.
On the court’s own motion its order dated November 16, 1990 is amended in its entirety to read as follows:
Section 1988 of 42 USC provides in relevant part: "In any action or proceeding to enforce a provision of sections * * * 1983 * * * of this title * * * the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys fee as part of the costs.”
The Civil Rights Attorneys Fees Awards Act of 1976 (42 USC § 1988) permits recovery of attorney’s fees as part of the costs of a proceeding instituted in a State court to enforce a provision of section 1983 (42 USC § 1988; see also, Maine v Thiboutot, 448 US 1, 11; Matter of Johnson v Blum, 58 NY2d 454; Matter of Ashley v Curtis, 67 AD2d 828). However, before such attorney’s fees may be recovered the court must specifically address several threshold issues. First, there must be an affirmative finding that the plaintiff was a "prevailing party” in a proceeding within the ambit of 42 USC § 1983. Next, although the decision as to whether to grant an award of attorney’s fees in an appropriate case is a matter of judicial discretion, the court must also determine whether "special circumstances” exist which would bar such an award (42 USC § 1988; Matter of Johnson v Blum, 58 NY2d 454, supra).
In its order dated June 29, 1990 this court found that the plaintiff herein was indeed a "prevailing party” for which an award of counsel fees is authorized. In addition, this court determined both that the claims in this case "most assuredly derive from a common nucleus of operative fact” and that plaintiff’s purely Federal constitutional claims were indeed substantial, finding that such claims "cannot be held 'wholly insubstantial’, 'obviously frivolous’ or 'obviously without merit’ ” (see, decision dated June 29, 1990, at 40). Plaintiff was found to be a prevailing party who satisfied the two-pronged Gibbs test, which entitles a prevailing party to fees in cases where a nonfee claim is dispositive, and entitled to an award under section 1988 (see, decision dated June 29, 1990, at 39-40, citing Mine Workers v Gibbs, 383 US 715, 725; Hagans v *149 Lavine, 415 US 528, 537-538; Matter of Johnson v Blum, 58 NY2d 454, 458, n 2, supra; Wolf, Pendent Jurisdiction, Multi-Claim Litigation and the 1976 Civil Rights Attorneys Fees Awards Act, 2 New Eng L Rev 193, 234-240). Careful review of defendants’ papers submitted in opposition to the instant application reveals no more than attempt to reargue this branch of this court’s previous determination. This court finds nothing therein that would cause it to either alter or amend same insofar as it concerns plaintiffs status as a "prevailing party” entitled to a section 1988 award of attorney’s fees.
Moreover, this court finds that defendants have failed to establish a "special circumstance” such as to warrant the denial of an award of such attorney’s fees. The thrust of defendants’ arguments in this regard are primarily threefold.
First, the defendants argue that inasmuch as there was good-faith basis for their actions such an award should be denied. However, notwithstanding the factual circumstances surrounding this litigation, defendants’ "good faith” belief in the legality or constitutionality of their activities has been expressly rejected as a "special circumstance” sufficient so as to bar an award of attorney’s fees (Jones v Wilkenson, 800 F2d 989, 992, affd 480 US 926).
Second, the defendants argue that the plaintiff should be precluded from recovering attorney’s fees inasmuch as the plaintiff was able to retain private counsel and had a financial interest in the outcome of the litigation. However, neither plaintiffs financial state in the litigation nor its ability to retain private counsel are "special circumstances” for purposes of a section 1988 award. "Plaintiffs who can afford to hire their own lawyers, as well as impecunious litigants, may take advantage of this provision” (Blanchard v Bergeron, 489 US 87, 94). To reduce or deny plaintiffs recovery of attorney’s fees in such a case would fail to further either the statute’s intent or congressional purpose underlying its implementation (Blanchard v Bergeron, 489 US 87, supra; see also, Perkins v Town of Huntington, 117 AD2d 726). That plaintiff was fortunate enough to be financially able to retain private counsel or advance a portion of the fee is irrelevant (Milwe v Cavuoto, 653 F2d 80, 83; Perkins v Town of Huntington, 117 AD2d 726, supra; see also, Sargeant v Sharp, 579 F2d 645). An award of counsel fees in this instance furthers the legislative intent underlying 42 USC § 1988 which was to stimulate enforcement of the civil rights laws by entitling those who vindicate their own civil rights to reimbursement for their legal expen *150 ses (see, Newman v Piggie Park Enters., 390 US 400; Northcross v Memphis Bd. of Educ., 412 US 427; Perkins v Town of Huntington, supra, at 727). Nor does the fact that a party may have a financial outcome in the litigation or that it may be the primary beneficiary of its own success serve as a reason sufficient so as to deny it attorney’s fees (Ackerley Communications v City of Salem, 752 F2d 1394, 1397 [9th Cir 1985], cert denied sub nom. County of Multnomah v Ackerley, 472 US 1028 [1985]). In the case at bar, not only the plaintiff but the residents of North Salem as well as Westchester County will receive the benefits of plaintiffs success. Thus, neither defendants’ reliance on plaintiffs purported financial ability (disputed by counsel for the plaintiff in his affidavit in support of Continental’s legal fee application) nor its stake in the outcome is of any moment. These arguments are foreclosed as a "special circumstance” by both precedent and the purposes of section 1988.
Finally, this court cannot agree with defendants’ allegations that the third-party funds contributed to pay a portion of plaintiffs expenses, including compensation to plaintiffs attorney, bar such an award. The Federal courts have determined that the contribution of fees by a public service organization to help defray a prevailing party’s litigation expenses does not serve as a basis to deny an award of attorney’s fees (see, McLean v Arkansas Bd. of Educ., 723 F2d 45, 48 [8th Cir 1983]; Uzzell v Friday, 618 F Supp 1222 [MD NC 1985]; Coleman v Bloch, 589 F Supp 1411 [ND 1984]). This determination has not been construed, limited or restricted so as to apply only to those narrowly circumscribed situations where such contributions have been made by a public service organization (Brewster v Dukakis, 786 F2d 16 [1st Cir 1986]). Nor will this court do so here.
As to defendants’ contention with respect to the financial status of the defendant town with limited resources, while it is not this court’s intent to so burden the town, this factor does not alter this court’s finding with respect to the existence of "special circumstances”. Even were defendant’s insurance carrier to prove successful in disclaiming coverage for defendant’s legal fees and the fee awarded to plaintiff such "[l]ack of funds on the part of a public agency would not seem to be one of the 'special circumstances’ Congress had in mind, since Congress clearly contemplated that governmental bodies, which are usually short of funds, would often be defendants *151 against which attorneys’ fees would be assessed” (Sharrock v Harris, 489 F Supp 913, 915 [SD NY 1980]).
Accordingly, this court finds no "special circumstance” so as to bar an award of counsel fees to the plaintiff herein as a prevailing party in a proceeding cognizable under section 1983 of 42 USC (see, Matter of Johnson v Blum, 58 NY2d 454, supra).
This court having specifically addressed the requisite threshold issues must now address those considerations relevant in determining the reasonableness of the attorney’s fees awarded. The relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel and the results achieved (Jordan v Freeman, 40 AD2d 656; Matter of Rahmey v Blum, 95 AD2d 294). "In assessing fees under section 1988, the court should first ascertain the nature and extent of the services supplied by the attorney from a contemporaneous time sheet indicating the date, number of hours worked, an explanation of how the hours were spent (New York State Assn. for Retarded Children v Carey, 711 F2d 1136 [2d Cir 1983]; Cohen v West Haven Bd. of Police Commrs., 638 F2d 496, supra) and identifying the specific claim to which the hours pertain (see, Hensley v Eckerhart, 461 US [424] * * *). Counsel for the prevailing party should exercise 'billing judgment’ when submitting a fee request” (Matter of Rahmey v Blum, supra, at 300). " 'Hours that are not properly billed to one’s client also are not properly billed to one’s adversary pursuant to statutory authority’ ” (Matter of Rahmey v Blum, supra, at 300, citing Copeland v Marshall, 641 F2d 880, 891 [DC Cir 1980]). "The hours claimed need not be automatically accepted and if inadequately documented, should be disallowed” (Matter of Rahmey v Blum, supra, at 300, citing Hensley v Eckerhart, supra). "The Judge should weigh the hours claimed against his own knowledge, experience and expertise as to the time required to complete similar activities” (Matter of Rahmey v Blum, supra, at 300, citing Johnson v Georgia Highway Express, 488 F2d 714 [5th Cir 1974]). "Hours reasonably spent by counsel in preparing the fee application and in litigating a fee award are also compensable” (Matter of Rahmey v Blum, supra, at 301).
In light of the foregoing and upon review of the facts, circumstances and submissions herein, this court finds the amount of time spent by plaintiff on these proceedings to be *152 both reasonable as well as sufficiently and appropriately documented. Counsel for the plaintiff submits that as of July 31, 1990, his firm spent 1,971.2 hours litigating this action and since that time to the time of the instant application has spent an additional 385 hours preparing such application and opposing defendants’ CPLR 4404 motion. The complex and exceedingly arduous nature of this action, and the extensive and scholarly memoranda submitted clearly supports this court’s finding that such hours were reasonable. Further, the time sheets submitted are not merely contemporaneous but sufficiently well documented as to the date, number of hours worked and the services furnished. Accordingly, this court finds plaintiff’s hours to be reasonable as submitted and eligible for an award of attorney’s fees within section 1988.
"The next step in determining an award of attorney’s fees is to arrive at a reasonable hourly charge for each category of service rendered” (Matter of Rahmey v Blum, supra, at 301). Primarily, this determination is an economic one, measured by the market value of the services performed and should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented (Matter of Rahmey v Blum, supra, at 302). In support of his fees, counsel for the plaintiff submits a number of affidavits demonstrating the reasonableness of the fees charged, the prevailing market rate for attorneys of like experience, and counsel’s recognized and undisputed expertise and skill in the fields of exclusionary zoning and land use law. Moreover, counsel submits that the fees charged, including the premium rate for in-court services are evidently charged to all of counsel’s fee-paying clients and indeed are those fee rates which plaintiff agreed to pay for counsel’s representation in this matter. There is, as well, support for the premium charged by counsel for the plaintiff for that time expended for in-court services and the time expended for out-of-court services (Matter of Rahmey v Blum, supra, at 301). In light of the foregoing and upon consideration of the requisite factors this court is satisfied that the rate charged is reasonable.
Next, this court has multiplied those hours reasonably expended by the reasonable hourly rate in order to arrive at a "lodestar fee” in the total amount of $426,782.18. This fee merely represents "an objective basis on which to make an initial estimate of the value of a lawyer’s services” (Matter of Rahmey v Blum, supra, at 303). However, this court’s inquiry *153 did not end here. The court in determining whether to augment or reduce such fee must then take into account various subjective factors (see, Matter of Rahmey v Blum, supra, at 303-304): (1) the novelty and difficulty of the questions presented; (2) the skill requisite to perform the legal services properly; (3) the preclusion of other employment by the attorney due to acceptance of the case; (4) whether the fee is fixed or contingent; (5) time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the amount involved and the results obtained; (8) the undesirability of the case; and (9) awards in similar cases. These factors have all been so considered and, in fact, have been subsumed within this court’s initial calculation of the "lodestar fee”. Indeed, a number of these factors would support, not a reduction, but an increase, in the amount of the fee requested. However, inasmuch as the defendants argue that the plaintiff did not succeed in every single aspect of the case and therefore its attorney’s fees should be reduced, this court shall address the "results obtained”.
Where a plaintiff is considered to be "prevailing” even though he succeeded on only some of his claims for relief the court must consider several additional issues. "First, did the plaintiff fail to prevail in claims which were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?” (Hensley v Eckerhart, 461 US 424, 434, supra). Where a plaintiff has failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. But "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney’s fees reduced simply because the district court did not adopt each contention raised” (Hensley v Eckerhart, 461 US, supra, at 440; see also, Matter of Rahmey v Blum, 95 AD2d, supra, at 304).
This court agrees with plaintiff’s position and finds the claims raised to be closely related and the hours expended incapable of division on a claim-by-claim basis. Indeed, the State and Federal claims herein involve a common core of facts, based on related theories (Hensley v Eckerhart, supra). Plaintiff’s claims are not "distinctly different claims for relief * * * based on different facts and legal theories” nor are they distinctly different in all respects from other claims (Hensley v *154 Eckerhart, supra, at 434). This court reiterates its position previously stated in connection with plaintiffs fee and nonfee claims that such claims "most assuredly derive from a common nucleus of operative fact” (see, court’s order dated July 2, 1990, at 35).
Next, where, as here, the court finds that the claims are related, it must address the level of success achieved and focus on the significance of the over-all relief obtained by the plaintiff in relation to those hours reasonably expended on litigation. A fee need not be reduced simply because the plaintiff failed to prevail on every contention. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court’s rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters (Hensley v Eckerhart, supra). Plaintiff herein achieved the main objective of its lawsuit, essentially complete relief, and exceptional success in its litigation. This court ordered the rezoning of plaintiffs property back to multifamily zoning was well the rezoning of four additional parcels of property to such multifamily zoning. Thus, this court finds no basis in fact, circumstance or law that would require it to reduce the amount of the attorney’s fees requested based upon "limited” level of success achieved or "results obtained”.
Moreover, this court finds that plaintiffs are entitled to disbursements and expenses in the total sum of $73,022.22. Plaintiffs have submitted expenses totalling $21,447.36 (plus the additional amount of $4,194.92 for expenses which have accrued since July 1990) for such items as the costs of EBTs, the trial transcript, computerized research, and fees for photocopying, travel expenses, messenger fees, overnight delivery charges, expedited document transmittal charges and parking expenses. These items are properly billed as disbursements by a lUw firm, such as plaintiffs, to its clients and as such are recoverable under section 1988 (Kuzma v Internal Revenue Serv., 821 F2d 930, 932 [2d Cir 1987]; see also, Schwartz and Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees, at 554-555 [1986]). In addition, plaintiff seeks compensation for witness fee expenses totalling $47,379.94. There is a split of authority amongst the Federal courts as to whether a prevailing party may be awarded fully compensatory levels of reimbursement for fees paid to expert witnesses under section 1988. However, courts, including courts in the Second Circuit, who have considered this issue have found such reasonable *155 fees to be fully compensable (see, e.g., United States v Yonkers Bd. of Educ., 118 FRD 326 [SD NY 1987]; see also, Friedrich v City of Chicago, 888 F2d 511 [7th Cir 1989]). This court adheres with such determination. Accordingly, such expenses including those for expert witness fees are properly awarded to the plaintiff in the requested and documented total amount of $73,022.22.
Plaintiff has requested a lodestar fee in the amount of $426,782.18. "Whenever the court augments or reduces the lodestar fee, it must state its reasons for doing so as specifically as possible” (Matter of Rahmey v Blum, supra, at 305). While an award of fees in the amount requested would be reasonable, this court, in the exercise of its discretion, and in order to "err on the conservative side in dealing with any fee question” and avoid contributing "unnecessarily to the overpricing of litigation in this or any other court” finds that plaintiffs are entitled to a fee of $318,977.78 for their services plus those disbursements and expenses in the amount of $73,022.22 in a total amount of $392,000 (see, Swann v Charlott-Mecklenburg Bd. of Educ., 66 FRD 483, 486 [WD NC 1975], cited in Hensley v Eckerhart, 461 US 424, supra, at 430, n 4, for proper application of the appropriate standards to be applied in determining the amount of fees awarded). In light of all of the circumstances herein this sum represents reasonable compensation in an amount " 'adequate to attract competent counsel but which do[es] not represent a windfall to the attorneys’ ” (Blanchard v Bergeron, 489 US 87, 92, n 6).