■ Mary M. Podhorecki et al., Appellants, v Lauer's Furniture Stores, Inc., Respondent. (Appeal No. 1.)—Order and judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: After a non-jury trial, the court determined that defendant committed an unlawful delivery practice in violation of section 396-u of the General Business Law with respect to plaintiffs' purchase of furniture. The court granted plaintiffs' demand for rescission of the contract, except with respect to a "loaner" sofa, which plaintiffs indicated they wished to retain. The court found that defendant was entitled to recover on its counterclaim for the price of the sofa, awarded plaintiffs statutory damages of $100, and directed both parties to submit affidavits in support of their requests for attorney fees *(see,* General Business Law § 396-u [7]). After receiving the posttrial submissions, the court awarded attorney fees to each party in the amount of one-third of the value of their recovery.

Supreme Court erred in awarding defendant attorney fees pursuant to General Business Law § 396-u (7). Only prevailing consumers are entitled to attorney fees under that section. Defendant's contract with plaintiffs contained a provision entitling defendant to attorney fees and legal expenses "in the event the Seller is forced to retain legal counsel to enforce this Agreement". The trial court found, however, that defendant was not entitled to enforce the contract except with respect to the "loaner" sofa, which plaintiffs offered to keep and pay for. Under the circumstances, defendant was not entitled to an attorney fee pursuant to the contract.

The trial court also erred in awarding plaintiffs' attorneys a fee equivalent to one-third of the value of plaintiffs' recovery. There is no evidence in the record to support the trial court's conclusion that lawyers handling such cases "frequently" charge a fee of one-third of the recovery. Plaintiffs retained their attorneys on an hourly basis, and attorneys customarily charge on an hourly basis for such work. Moreover, State courts have consistently used the lodestar method of computing a statutory allowance of reasonable fees *(see, e.g., Becker v Empire of Am. Fed. Sav. Bank,* 177 AD2d 958; *Friar v Van-*

*guard Holding Corp.,* 125 AD2d 444; *Matter of Rahmey v Blum,* 95 AD2d 294; *Continental Bldg. Co. v Town of N. Salem,* 150 Misc 2d 145; *Zauderer v Barcellona,* 130 Misc 2d 234). We conclude that such procedure should be used to determine the reasonableness of a fee pursuant to General Business Law § 396-u (7). In using that procedure, we note that a prevailing consumer may be entitled to a reasonable fee for the preparation of a fee application and for litigating the fee award *(see, Matter of Rahmey v Blum,* 95 AD2d 294, 301, *supra)* and that the court may consider the good faith conduct of defendant and the amount involved in the litigation in computing the reasonable lodestar fee to be awarded *(Matter of Rahmey v Blum, supra,* at 303-304; *Nesbitt v New York City Conciliation & Appeals Bd.,* 121 Misc 2d 336, 340).

The trial court erred in limiting the record on appeal to evidence that was admitted at trial. The record on appeal from a posttrial order or judgment should include the trial court's decision *(see, Gintell v Coleman,* 136 AD2d 515), the pleadings *(see, Wahrhaftig v Space Design Group,* 28 AD2d 940), and those affidavits and documents submitted in support of the motion *(see,* CPLR 5526; *cf., 2001 Real Estate; Space Catalyst v Campeau Corp.,* 148 AD2d 315, 316). The fact that certain documents may not have been relevant or admissible during the trial with respect to liability does not preclude consideration of those documents on a posttrial application for attorney fees where, as here, the documents contained relevant and material information bearing on the allowance of a fee. (Appeal from Order and Judgment of Supreme Court, Monroe County, Curran, J.—Counsel Fees.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.