■■■ MARY M. PODHORECKI et al., Appellants-Respondents, v LAUER'S FURNITURE STORES, INC., Respondent-Appellant. [607 NYS2d 818] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We affirm that portion of the order and judgment awarding $10,145 to plaintiffs pursuant to General Business Law § 396-u (7) for attorney's fees incurred for pretrial and trial work. Defendant did not factually dispute the number of hours and hourly rate that plaintiffs maintained to be reasonable for such litigation. Defendant did not request a hearing and, in the absence of a factual dispute concerning calculation of the lodestar fee or adjustments to that fee, Supreme Court did not err in determining the fee award based upon the affidavits and documents submitted by plaintiffs without conducting a hearing *(see, Blum v Stenson,* 465 US 886, 892, n 5; *Blum v Witco Chem. Corp.,* 829 F2d 367).

Supreme Court erred, however, in denying the remainder of plaintiffs' fee application, which related to the entirety of plaintiffs' posttrial litigation of the fee award, including the prior appeal. Plaintiffs' statutory entitlement to a reasonable attorney's fee includes a fee for services performed on the fee application itself *(see, Podhorecki v Lauer's Furniture Stores,* 184 AD2d 1066, 1067, *lv dismissed* 81 NY2d 783) and on appeal, even where the sole issue on appeal is the propriety of the fee award *(see, Miller v Marra Bros. Motor Co.,* 185 AD2d 663, 664, *lv dismissed* 80 NY2d 972; *Perkins v Town of Huntington,* 117 AD2d 726, 727). Supreme Court improperly denied plaintiffs' application for a fee award for posttrial services upon the ground that it could not, "in good conscience", award a fee three times the amount at issue in the

lawsuit. Where, as here, calculation of the fee pursuant to the lodestar method is proper *(see, Podhorecki v Lauer's Furniture Stores, supra)*, the trial court should first calculate the lodestar fee by determining the reasonable number of hours that should have been expended on the legal task and multiplying that figure by what the court finds to be the reasonable hourly rate *(Matter of Rahmey v Blum,* 95 AD2d 294, 300-303). That fee may then be adjusted upward or downward by a consideration of several subjective factors *(Matter of Rahmey v Blum, supra,* at 303-304). Although the amount of a fee and its relationship to the amount at issue in the lawsuit is one of the subjective factors that may be considered, that factor is considered to reduce the award, not to eliminate it *(cf., Giarrusso v City of Albany,* 174 AD2d 840, 841). Further, "[w]henever the court augments or reduces the lodestar fee, it must state its reasons for doing so as specifically as possible" *(Matter of Rahmey v Blum, supra,* at 305). There is no bright-line rule that a fee award cannot exceed three times the amount at issue in the lawsuit or that the amount of the fee must be proportional to the amount at issue *(see, Riverside v Rivera,* 477 US 561; *Cowan v Prudential Ins. Co.,* 935 F2d 522; *Northeast Women's Ctr. v McMonagle,* 889 F2d 466, *cert denied sub nom. Walton v Northeast Women's Ctr.,* 494 US 1068; *see generally,* Newberg, Attorney Fee Awards § 4.42). Reduction of the lodestar fee must be supported, therefore, by some reason grounded in statutory policy or facts applicable to the particular case. It is not sufficient to state that the fee must be reduced because the court cannot, "in good conscience", award what plaintiffs request.

Thus, we remit this matter for a hearing on the issue of reasonable attorney's fees for all posttrial legal work, including this appeal. (Appeals from Order and Judgment of Supreme Court, Monroe County, Curran, J.—Attorney's Fees.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.