■ MARIAN K. HAYES, as Executor of LEO J. HAYES, Deceased, Appellant, v ONTARIO PLASTICS, INC., Respondent. [775 NYS2d 682]—

Appeal from an order and judgment (one document) of the Supreme Court, Monroe County (Thomas Stander, J.), entered June 20, 2003. The order and judgment granted in part plaintiff's application for an award of attorneys' fees and litigation costs.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's application in its entirety and awarding plaintiff $10,372.12 in reasonable attorneys' fees and litigation expenses and as modified the order and judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to collect on a demand promissory note made by defendant, subsequently obtaining summary judgment awarding her principal and interest due under the note. Thereafter, pursuant to a provision of the note, plaintiff applied for an award of $10,372.12 in "reasonable attorneys' fees" and litigation expenses incurred by her in successfully suing on the note. Supreme Court granted that application, which was not opposed by defendant, but only to the extent of awarding plaintiff "attorneys' fees and reasonable litigation costs in the amount" of $1,474.60.

In determining the reasonableness of an application for attorneys' fees, the court should consider the time spent, the difficulties involved in the case, the nature of the services rendered, the amount in controversy, the professional standing of counsel, the fee customarily charged by other similarly situated attorneys for similar services, the contingency or certainty of compensation, and the results obtained (see Matter of Freeman, 34 NY2d 1, 9 [1974]; Steiger v Dweck, 305 AD2d 475, 476 [2003]). Under the circumstances, we conclude that plaintiff is entitled to the full amount sought by her, calculated on the basis of the 59.2 hours actually and reasonably spent on the matter by her counsel, multiplied by counsel's reasonable hourly rate, which varied between $175 and $185 over the course of the representation (see Redmond & Parrinello v City of Rochester, 213 AD2d 1042 [1995]; Podhorecki v Lauer's Furniture Stores, 201 AD2d 947, 948 [1994]; see also Curtis v Nutmeg Ins. Co., 256 AD2d 758, 759 [1998]; Elliott v Board of Educ. of Rochester City School Dist., 295 F Supp 2d 282, 284-285 [2003]; Sabatini v Corning-Painted Post Area School Dist, 190 F Supp 2d 509, 516 [2001]).

We therefore modify the order and judgment by granting plaintiff's application in its entirety and awarding plaintiff $10,372.12 in reasonable attorneys' fees and litigation expenses.

We further conclude that the matter must be remitted to allow plaintiff to make application for those additional attorneys' fees and litigation expenses incurred in connection with the original application for attorneys' fees and in connection with this appeal (*see Podhorecki,* 201 AD2d at 947; *see also Kuttas v Condon,* 290 AD2d 492, 492-493 [2002]; *Senfeld v I.S.T.A. Holding Co.,* 235 AD2d 345, 345-346 [1997], *lv dismissed* 91 NY2d 956 [1998], *lv denied* 92 NY2d 818 [1998]). Further, the court is to entertain plaintiff's application for reasonable attorneys' fees and litigation expenses incurred in connection with a CPLR article 78 proceeding in the nature of mandamus to compel the court to grant judgment in accordance with its decision entitling plaintiff to recover principal and interest due under the note. That proceeding constituted, in the language of the note, "necessary court process" to enforce plaintiff's rights under the note, and thus the attorneys' fees and litigation expenses incurred in connection with that proceeding are recoverable. We therefore remit this matter to Supreme Court for further proceedings, to be conducted before a different justice, to determine plaintiff's applications to recover such additional attorneys' fees and litigation expenses. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.