█ In the Matter of the Estate of IDA T. GARGARO, Deceased. RUSSELL ARTUSO et al., as Coexecutors of IDA T. GARGARO, Deceased, Appellants; LOUIS ARTUSO et al., Respondents. [804 NYS2d 214]—

Appeal from an order of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered June 24, 2004. The order, inter alia, reduced the attorney's fee to be paid for services provided to the estate in a civil action in Supreme Court.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioners, as coexecutors of the estate of their aunt, Ida T. Gargaro, commenced this proceeding seeking judicial settlement of their account. Objectants, distributees and residual beneficiaries under decedent's will, contended, inter alia, that the amount of the attorney's fee to be paid for services provided to the estate in an action in Supreme Court should be reduced. That action was commenced by the guardian of decedent prior to her death, seeking to recover assets that had been wrongfully appropriated by her former caretaker. Following decedent's death, Supreme Court issued an order authorizing the guardian to prosecute the action on behalf of the estate. The guardian and petitioners thereafter entered into a retainer agreement pursuant to which the law firm representing the guardian would receive 50% of any recovery in the Supreme Court action. That action ultimately resulted in recovery in the amount of $115,643.78, which constituted the sole asset of the estate.

We agree with petitioners that Surrogate's Court erred in reducing the attorney's fee in the account from $57,821.89, the amount contemplated by the retainer agreement, to $38,547.93, or 33.3% of the recovery in the Supreme Court action. Surrogate's Court possesses the authority and responsibility to determine what constitutes reasonable compensation to the law

firm, regardless of the terms of the retainer agreement or the consent of petitioners to those terms (*see Matter of Driscoll*, 273 AD2d 381, 382 [2000]; *Matter of Nicastro*, 186 AD2d 805 [1992]). In exercising that authority, Surrogate's Court must consider the "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman*, 34 NY2d 1, 9; *see Hayes v Ontario Plastics*, 6 AD3d 1122 [2004]; 22 NYCRR 1200.11 [b]). Here, the law firm representing the guardian submitted evidence establishing that the Supreme Court action was complicated, that the result therein was uncertain, and that its ultimate success was largely the result of the expenditure of extensive time and labor by an experienced, capable attorney. Indeed, the record establishes that, absent the attorney's effort in the Supreme Court action, there may have been no assets in the estate. Thus, we conclude that the attorney's fee in the account, although higher than the fee customarily charged in the community, is warranted based upon the unusual circumstances presented in the Supreme Court action (*see Matter of Mavis L.*, 285 AD2d 509, 510 [2001]). We therefore reverse the order, grant the petition and remit the matter to Surrogate's Court for further proceedings consistent with this decision. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ. [*See* 4 Misc 3d 1003(A), 2004 NY Slip Op 50646(U) (2004).]