Matter of Krausz (2022 NY Slip Op 02496)

Matter of Krausz

2022 NY Slip Op 02496

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 500080/19 Appeal No. 15731 Case No. 2021-01413N 

[*1]In the Matter of Diane Krausz, as Guardian of Dorothy Pincus, an Incapacitated Person, Now Deceased.
Diane Krausz, Petitioner-Appellant,
Sheryl R. Menkes et al., Respondents-Respondents.

Goetz Fitzpatrick LLP, New York (Alison Arden Besunder of counsel), for appellant.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered October 30, 2020, which, to the extent appealed, awarded article 81 guardian Diane Krausz, Esq. legal fees of $950 in addition to statutory commissions of $3,530.76, unanimously affirmed, without costs.
The guardian fails to establish that Supreme Court abused its discretion in determining what constituted "fair and reasonable compensation" under Mental Hygiene Law § 81.28 (Goldstein v Zabel, 146 AD3d 624, 630 [1st Dept 2017], lv denied 29 NY3d 318 [2017]). In determining the guardian's fair and reasonable compensation under Mental Hygiene Law § 81.28(a), the court appropriately considered the nature of the appointment, including the short duration of the guardianship — from April 29, 2019, the date of the order appointing the guardian, to August 23, 2019, the date that the incapacitated person (IP) died (see Goldstein, 146 AD3d at 625).
In calculating the amount to which the guardian was entitled under § 81.28(a), Supreme Court properly used the formula found in Surrogate's Court Procedure Act § 2307. The guardian points to no case law or other authority to support her argument that the amendments to § 81.28 foreclose Supreme Court from looking to the SCPA for guidance, and in fact, the Law Review Commission comments suggest that the amendments to Mental Hygiene Law § 81.28 were designed to provide a court more flexibility in determining a guardian's compensation, rather than binding a court to a particular statutory scheme (see Law Rev Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.28).
The record does not support the guardian's claim that because she was not reasonably compensated for her services in securing social security and pension benefits from her former employer, the IP's estate was unjustly enriched and received a windfall. Indeed, the record does not include documents from the Social Security Administration or from the IP's former employer to support the guardian's estimate of the amounts due to the estate from social security and pension benefits. With respect to the IP's pension, the record included a document from her former employer stating that further information is required before pension money will be remitted. The guardian also acknowledges in her own submissions to the court that the estate would have to take "further action" to receive the social security funds. These documents contradict the guardian's suggestion on appeal that, on account of her efforts, the estate has no work to do but to await receipt of the funds.
Supreme Court properly differentiated between the guardian's legal and nonlegal work in assessing her legal fee application (see Matter of Helen S., 169 AD3d 1048, 1050 [2d Dept 2019]); Matter of Springarn, 164 Misc 2d 891, 894 [Sup Ct NY County 1995]). In addition, although the guardian contends that the court should have held an evidentiary hearing, she does not state what proofs she would [*2]have presented that she did not or could not present during oral argument on her fee application, or with her written submissions.
We have considered the guardian's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022