| |
|---|
| **161 Ludlow Food, LLC v L.E.S. Dwellers, Inc.** |
| 2025 NY Slip Op 31895(U) |
| May 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153500/2016 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYNN R. KOTLER**                          PART                         08
                                                *Justice*

-----------------------------------------------------------------X

161 LUDLOW FOOD, LLC,                                 INDEX NO.          153500/2016

                              Plaintiff,              MOTION DATE        08/15/2024

                    - v -                             MOTION SEQ. NO.        010

L.E.S. DWELLERS, INC.,DIEM BOYD                       **DECISION + ORDER ON**
                                                          **MOTION**
                              Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 010) 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 485, 486, 487, 488, 489, 490, 491, 492, 493

were read on this motion to/for                CONFIRM/DISAPPROVE AWARD/REPORT            .

In a decision dated September 1, 2022, Defendants/Counterclaim Plaintiffs L.E.S.

DWELLERS, INC. and DIEM BOYD (collectively, "Dwellers") were granted summary judgment on

liability against Plaintiff/Counterclaim Defendant 161 LUDLOW FOOD, LLC ("Ludlow"), and

referred the matter to the Special Referee Part seeking a reference to hear and report on attorneys fees

due to Dwellers. Meanwhile, on November 28, 2023, the Appellate Division, First Department,

modified this court's 9/1/22 decision/order, finding that this Court exercised its discretion in

awarding attorney's fees to defendants, but that defendants did not meet their burden under the

applicable statute and should not have been awarded summary judgment on punitive damages.

The matter was assigned to Special Referee Jeremy R. Feinberg, who conducted in-person

hearings on April 19 and 20, 2023, May 22 and 23, 2023 and June 26, 2023. Copies of the transcripts

and exhibits have been filed with the court. In a report dated June 28, 2024, Special Referee Feinberg

recommended this court confirm the report with respect to its findings and a money judgment for

$340,430.00 in fees and $6,194.85 in disbursements in favor of Dwellers (the "Report").

153500/2016   161 LUDLOW FOOD, LLC vs. L.E.S. DWELLERS, INC.                        Page 1 of 4
Motion No.  010


1 of 4

[* 1]

Now, Ludlow moves to reject the Report to the extent that they argue the fees recommended for Kagen, Casperson & Bogart, PLLC ("KCB") constitute impermissible fees on fees and that the fees recommended for KCB and Renee Paradis ("Paradis") are excessive, and otherwise moves to confirm the report. Dwellers opposes the motion and cross-move to reject the Report to the extent that they are entitled to fees on fees and otherwise move to confirm the report.

A referee's role is to determine the issues referred and resolve conflicting testimony and matters of credibility (*Kardanis v. Velis*, 90 AD2d 727, 727 [1st Dept 1982]; *Herman v Gill*, 61 AD3d 433 [1st Dept 2009]). The court should not disturb a referee's findings where the record substantiates them. (*Izhaky v Izhaky*, 189 AD3d 617, 618 [1st Dept 2020]) "It is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly defined the issues and resolved matters of credibility" (*Busche v Grover*, 180 AD3d 559, 559 [1st Dept 2020] quoting *Nager v Panadis*, 238 AD2d 135, 135-36 [1st Dept 1997]). The court may also reject such findings that are not supported by the record. (*King v King*, 183 AD2d 479, 479 [1st Dept 1992]).

Ludlow argues that Dwellers is not entitled to any fees for work completed by KCB as they constitute "fees on fees" which are not permitted under the pre-amendment version of the SLAPP statute operative in the case. Dwellers argues that even under the pre-amendment SLAPP statute, they are entitled to fees on fees and that Special Referee Feinberg was wrong in failing to award them such fees. Fees on fees constitute any fees for time "spent proving the value of their services" (*Kumble v Windsor Plaza Co.*, 161 AD2d 259, 260 [1st Dept 1990]).

In his Report, Special Referee Feinberg recommended that fees on fees were not allowed under the operative statute. However, Ludlow argues that all of the hours worked by KCB constitute fees on fees because they did not represent Dwellers in the underlying action. In the Report, Special Referee Feinberg classified any work done by KCB "in preparation for, participation at, and (as in

153500/2016  161 LUDLOW FOOD, LLC vs. L.E.S. DWELLERS, INC.
Motion No. 010

Page 2 of 4

[* 2]

this case) briefing about, the hearing" as fees on fees but that the other work performed by KCB "is not fees on fees, and regardless of whether fees on fees are recoverable under the anti-SLAPP statute". Special Referee Feinberg found that the work performed by KCB in order to win Dwellers' counterclaim for fees did not constitute fees on fees and should be recoverable. Here, the Court finds that Special Referee Feinberg's recommendation that fees on fees were not permissible under the pre-amendment anti-SLAPP statute, but that the hours worked by KCB in order to succeed on the counterclaim would not constitute fees on fees was supported by the record.

Ludlow also argues that the hourly rates recommended by the report are excessive and should be reduced. Special Referee Feinberg employed the "lodestar" method to determine reasonable fees, weighing the hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Ludlow does not dispute the use of the lodestar method but argues that Special Referee Feinberg erred by setting hourly rates for different attorneys above their self-estimated rates, and that the hourly rates recommended by the report are not supported by the record.

Special Referee Feinberg cited case law supporting his decision to award rates higher than those argued in the memorandum of law, using fees charged by lawyers with like experience and of comparable reputation to those in the present litigation (*see Matter of Gamache v Steinhaus*, 7 AD3d 525, 526-527 [2d Dept 2004]; *Pettinari v JMA Prop. Services, LLC*, 83 Misc 3d 682, 687 [Sup Ct, NY County 2024]). Special Referee Feinberg also referenced the impressive academic backgrounds and work experience of Paradis and the attorneys from KCB when awarding higher rates than those asked for by Dwellers in their brief. The Report also finds that "[t]hese rates are in line with those that [Special Referee Feinberg] recently recommended, and which a Justice of this Court subsequently confirmed, in a different anti-SLAPP lawsuit".

Accordingly, it is hereby

[* 3]

**ORDERED** that Plaintiff/Counterclaim Defendant 161 LUDLOW FOOD, LLC's motion is denied to the extent that it asks the Court to reject portions of the Report and granted to the extent that it asks the Court to confirm the Report; and it is further

**ORDERED** that Defendants/Counterclaim Plaintiffs L.E.S. Dwellers, Inc. and Diem Boyd's counterclaim is denied to the extent that it asks the Court to reject portions of the Report and granted to the extent that it asks the Court to confirm the Report; and it is further; and it is further

**ORDERED** that Special Referee Feinberg's report dated June 28, 2024, is confirmed in all respects; and it is further

**ORDERED** that the Clerk is directed to enter a money judgment in favor of Defendants/Counterclaim Plaintiffs and against Plaintiff/Counterclaim Defendant for $346,624.85.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

_5/29/2025_
**DATE**

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE: [X] CASE DISPOSED [ ] NON-FINAL DISPOSITION

[ ] GRANTED [ ] DENIED [X] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

**153500/2016  161 LUDLOW FOOD, LLC vs. L.E.S. DWELLERS, INC.**
**Motion No.  010**

Page 4 of 4

4 of 4

[* 4]