Matter of R.F.S. (E.S.) (2025 NY Slip Op 06834)

Matter of R.F.S. (E.S.)

2025 NY Slip Op 06834

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 500072/13|Appeal No. 5338|Case No. 2024-02471|

[*1]In the Matter of R.F.S., Petitioner-Respondent, For the Appointment of a Guardian of the Person and Property of E.S., An Incapacitated Person, Ika Brakha, et al., Objectants-Appellants.

Greenberg & Kaplan, LLP, New York (James Kaplan of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Amended order, Supreme Court, New York County (Carol Sharpe, J.), entered February 27, 2024, which, to the extent appealed from as limited by the briefs, awarded Mental Hygiene Law article 81 guardian Brian A. Raphan, Esq. $319,972.49 in legal fees and statutory commissions, unanimously affirmed, without costs.
Objectant Ika Brakha failed to establish that Supreme Court abused its discretion in determining Raphan's fair and reasonable compensation under Mental Hygiene Law § 81.28 (see Matter of Krausz, 204 AD3d 500, 500-501 [1st Dept 2022]; Matter of Moriarty, 119 AD3d 445, 445 [1st Dept 2014]). In determining Raphan's fair and reasonable compensation, the court appropriately considered Raphan's extensive involvement in the litigation against the former article 81 guardian. The award compensating Raphan for legal fees and awarding him a commission pursuant to Surrogate's Court Procedure Act § 2307 did not amount to an improper "double recovery" (Matter of Arnold O., 279 AD2d 774, 776-777 [3d Dept 2001]).
The court also properly compensated Raphan for time spent preparing his account. Mental Hygiene Law § 81.28(a) provides that "[t]he plan for compensation of such guardian must take into account . . . the services provided to the incapacitated person by such guardian" and does not prohibit the court from awarding fees to the guardian for preparing the statutorily required final account (see Mental Hygiene Law § 81.33). Moreover, in analogous circumstances, this Court has awarded attorneys' fees, including so-called fees on fees (see e.g. Kumble v Windsor Plaza Co., 161 AD2d 259, 260-261 [1st Dept 1990], appeal dismissed 76 NY2d 843 [1990], lv denied 76 NY2d 709 [1990] (Real Property Law § 234); Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [1st Dept 2004] (former Debtor and Creditor Law § 276-a)).
Further, Brakha's contention that a fee of $550 an hour is higher than what is customary is unpreserved as it was raised for the first time in reply. Even were we to consider this argument, we would find it unavailing.
We have considered Brakha's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025