■ CARLTON I. WOOD et al., Appellants, v. STATE OF NEW YORK, Respondent.— Case held, decision reserved, and matter remitted to the Trial Judge for further proceedings in accordance with the memorandum. Upon the making of such findings the case is directed to be restored to the calendar of this court. Memorandum: The award was made in one sum. It included an amount (1) for the fair value of the land taken, (2) for consequential damages to the remainder of the property by reason of the appropriation, (3) for the damage resulting from the material reduction of access to the property. Separate findings should be made as to the amount awarded for each of these elements. (See *Wineburgh* v. *State of New York*, 20 A D 2d 961; *Chisholm-Ryder* v. *State of New York*, 21 A D 2d 748; *Ahlheim* v. *State of New York*, 21 A D 2d 747. (Appeal from a judgment of the Court of Claims for claimants in an action for damages resulting from permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT J. MULLEN, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: There is little doubt of the guilt of the defendant. The crime of assault and his extremely offensive conduct leading up to it were well established. However, because of serious errors we conclude that the defendant did not receive a fair trial and we are compelled to reverse the judgment of conviction and order a new trial. The defendant was convicted of assault in the second degree, committed upon a police officer with intent to prevent and resist his lawful apprehension and detention. The defense was that the arrest was unlawful and that therefore he was entitled to use reasonable force in its resistance. The question, therefore, as to whether the arrest was lawful or unlawful was highly important. The District Attorney took the position that defendant's arrest without a warrant was proper because the police officer had reasonable grounds to believe that a citizen arrest had previously been made. (Code Crim. Pro., § 177, subd. 5.) This theory was urged throughout the trial and was submitted to the jury, although there was no citizen's arrest and this was admitted by the young lady who it was claimed had made such an arrest. The District Attorney also argued this question in his summation and the Judge charged it fully. Thus, the Judge charged a theory which was unsupported by evidence. All of this was adequately objected to. It may well have been, therefore, that the case was decided on the basis of the validity of the arrest by the police officer solely because he had reasonable grounds to believe there had been a prior citizen arrest. That being so, the verdict cannot stand. There was ample evidence from which the jury could have found that the arrest was made because of a felonious assault upon the police officer, but we cannot speculate as to which theory the jury adopted. The record is unclear as to why and when the arrest took place, or on what acts it was based, and the trial was confused generally. There must be a new trial. (Appeal from judgment of Genesee County Court convicting defendant of assault, second degree.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.