■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ANDREW O'CONNOR, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 30, 1977, upon a verdict convicting the defendant of the crime of criminal mischief in the third degree. After an evening of drinking at a local bar in Deposit, New York, defendant and his companion and codefendant, Joseph Calcagno, became embroiled in some unpleasantries with another patron at the establishment. The proceedings continued outside after closing time, whereupon all parties departed. Later the defendant and Calcagno returned to the scene to look for some eyeglasses thought to have been dislodged during the scuffling. At

the conclusion of the search and prior to departure, two blasts from a .12 gauge shotgun were emitted from the passenger side of defendant's Toyota Landcruiser directed at the windows of Gip's Bar, where the two had spent this eventful evening. Defendant immediately fled the scene, but was apprehended shortly thereafter following a brief chase by the local police officer who had witnessed the last shot from a position approximately 100 yards away. A shotgun was found in defendant's vehicle and unexploded shells on his person. He admitted ownership of the gun, but denied doing the shooting, insisting Calcagno had pulled the trigger. Calcagno, testifying at defendant's trial, stated defendant did the shooting. On this appeal defendant contends there were a number of errors that require reversal, the most significant of which involves a supplementary charge following questions by the jury. The main charge was clear and complete, and the court meticulously pointed out all of the elements the jury must find to sustain a verdict of guilty of the charge in the indictment as well as a lesser included offense. Since the indictment accused the two participants of each aiding and abetting the other, the court carefully explained with explicit examples what constituted aiding and abetting. After deliberation, the jury sent out two separate series of questions. The first sought a copy of the six conditions to be met for a charge of criminal mischief in the third degree. The court again carefully reiterated the required elements and then went to the next question, "Is driving away aiding and abetting?" to which the court answered, "Yes". This answer, standing alone, to the question posed would be incomplete and thus error. However, when read in conjunction with the entire charge and the answer to the question immediately prior thereto, the error, if any, was harmless *(People v McCray,* 57 AD2d 632). Moreover, there were no exceptions at any time to the charge, and in view of the overwhelming proof as to defendant's participation in the incident, we would affirm the conviction *(People v Crimmins,* 36 NY2d 230). The only other issue of substance presented by defendant relates to his sentencing as a second felony offender. He had previously been convicted of a felony under the laws of the State of Texas, and he admitted he was the one so convicted and raised no constitutional objection to the prior felony conviction. We find nothing in the comments by defendant at the time of sentencing or any other indication in the record that defendant was not properly sentenced as a second felony offender *(People v Hodge,* 52 AD2d 673). The other issues raised by defendant being without merit, the judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. When the jurors had retired to deliberate, they were faced with the initial decision of whether they believed Calcagno's statement that the defendant did the shooting. Their questions to the court indicated that they were focusing on whether the defendant's driving away from the scene constituted accessorial conduct. The two questions posed to the court were: "Is driving away aiding and abetting [and] Can any action after the shooting a gun be considered aiding and abetting?" The court answered both questions, "Yes". Shortly thereafter, a verdict of guilty of the crime of criminal mischief in the third degree was returned. No objection was made to this supplemental charge. However, in requests to Charge No. 1 and No. 2, defense counsel had requested a charge on criminal intent which was disregarded by the court in the supplementary charge. The denial by the court of this stated request preserved that matter for review (CPL 470.05, subd 2). It is clear that the supplemental instruction

was erroneous. The court indicated that merely driving away was enough for conviction. Since criminal intent is an element of accessorial liability and since the jury might have ignored intent under the erroneous charge, one cannot be assured that the defendant was properly convicted under the statutory criteria for accomplice liability. We can neither be sure defendant was found guilty as a principal. The error did severe harm to the defendant's case. Defendant was not accorded a fair trial and, under these circumstances and in the interests of justice, a new trial should be accorded him. Sustaining a conviction under circumstances which require speculation as to whether a jury adopted a proper theory in reaching its verdict amounts to a denial of a fair trial *(People v Mullen,* 22 AD2d 756). The Court of Appeals in *People v Kelly* (302 NY 512, 517), in a similar situation involving erroneous instructions said: "we are asked to assume that the jurors, faced with the two opposite and mutually exclusive charges as to the rule, had the wit and ability, with unanimity, to adopt the right one and reject the wrong one. We think the statement of the thought contains its refutation." The verdict should be reversed, as a matter of law, and the matter remitted for a new trial.