[597 NYS2d 836]

In the Matter of JONATHAN P. HARVEY, as Special District Attorney, Respondent, v COUNTY OF RENSSELAER, Appellant.

Third Department, May 20, 1993

## APPEARANCES OF COUNSEL

*Robert A. Smith,* Troy, for appellant.

*Harvey and Harvey, Harvey & Mumford,* Albany *(Jonathan P. Harvey* of counsel), respondent *pro se.*

## OPINION OF THE COURT

MAHONEY, J.

At issue in this appeal is the propriety of the attorney fee award issued by County Court to a duly appointed Special District Attorney. A review of the record establishes that following disqualification of the District Attorney and the initially appointed Special District Attorney, petitioner was designated by County Court on June 20, 1989 as Special District Attorney pursuant to County Law § 701 to prosecute a pending Rensselaer County multidefendant bribery action. During his 2½-year tenure, petitioner responded to several pretrial motions, made a relatively time-consuming application to disqualify counsel for one of the defendants which resulted in a CPLR article 78 proceeding and subsequent appeal to this Court, participated in several court hearings and conducted plea negotiations. While disposition of the charges as regards two of the five indicted defendants is unclear from this record, matters finally were concluded in

July 1991 when the remaining three defendants entered guilty pleas.

During the period of his designation, petitioner submitted to County Court for its approval three bills for professional services. The first, in the amount of $36,333.82 for services rendered during the period June 20, 1989 to December 11, 1989 was approved, has since been paid in full and is not involved in this appeal. Upon submission of the second bill for $35,628.50 (i.e., 282.7 hours of attorney time at $125/hour and 9.7 hours of law clerk time at $30/hour) covering the period December 11, 1989 to July 23, 1991, respondent, which by prior agreement of the parties and by virtue of the 1991 amendment to County Law § 701 was required to notice and an opportunity to be heard on such applications (L 1991, ch 560, § 2), lodged objections. During pendency of the matter before County Court, petitioner submitted a third bill in the amount of $16,801.50 (i.e., 34.50 hours of petitioner's time at $150/hour, 91.50 hours of the time of other attorneys in petitioner's firm at $125/hour and 6.3 hours of law clerk time at $30/hour). County Court disallowed 30.10 hours of attorney time included in the second bill, which petitioner conceded was time spent in connection with the defense of respondent's objections to the first bill (i.e., $3,762.50), but otherwise granted petitioner's application as requested and awarded him $48,667.50 plus disbursements. When the fees from the first bill (i.e., $36,333.82) are added to the $48,667.50 awarded on the second and third bills, petitioner will receive approximately $84,000 for his efforts. This appeal by respondent ensued.

■ On appeal, respondent mounts a two-pronged challenge to the fee award. It claims initially that under County Law § 701 a Special District Attorney is entitled to reimbursement only for services rendered by that individual personally, not for services rendered by members of his private staff, and alternatively argues that the compensation is, in any event, wholly excessive and unreasonable. As regards the initial argument, we are unpersuaded that County Law § 701 has as narrow an application as respondent urges. That statute provides, in pertinent part: "Where a special district attorney is appointed under this section, the board of supervisors of the county wherein such special district attorney serves, after having been notified and provided with an opportunity to be heard, shall pay the necessary disbursements of, and *a reasonable compensation for, the services of the person so appointed*

*and acting,* as certified by the presiding judge or justice" (County Law § 701 [5] [emphasis supplied]).

Far from being the express limitation that respondent claims it to be, in our view the emphasized language is at best equivocal on the subject. That being the case, taking into account the underlying purpose of the statute and cognizant of the Legislature's obvious concern with the cost to the public fisc of such special appointees as reflected in the express statutory limitation of fees to that which is "reasonable", we believe the statutory purpose would be furthered rather than aborted by permitting the Special District Attorney's fee to include services rendered by staff attorneys and law clerks pursuant to that person's delegation and under his or her direct control and supervision. While obviously these individuals cannot act on behalf of or in the place and stead of the Special District Attorney, because their time customarily is billed at a lesser rate, having them perform initial leg work and other time-consuming support tasks such as preliminary research and the drafting of preliminary motion papers for review and approval of the Special District Attorney not only is economically sound but is in all respects consistent with the statute's expressed policy of fiscal restraint.

■ We do, however, find merit to respondent's argument that the fees charged and awarded here are unreasonable within the meaning of County Law § 701 (5). Unlike other legislative enactments where a fee schedule is expressly set forth in the body of the statute *(see,* County Law § 722-b; Judiciary Law § 35), County Law § 701 leaves the amount of the fees to the sound discretion of the court. While research reveals precedent to be sparse with respect to guidelines or factors to be considered in making a reasonableness determination of fees for attorneys who voluntarily have agreed to perform a public service, in our view the court's discretion should be guided by the two oft-cited primary considerations in other fee cases, namely: (1) the reasonableness of the attorney's hourly rate and (2) the reasonableness of the amount of time spent by the attorney on the matter *(cf., In re Olson,* 884 F2d 1415; *In re Donovan,* 877 F2d 982; *Getty Petroleum Corp. v G.M. Triple S. Corp.,* 187 AD2d 483; *Matter of Rahmey v Blum,* 95 AD2d 294; *People v Manning,* 27 AD2d 841). In assessing the reasonableness of the hourly rate, concerns such as the complexity of the case and the degree of expertise necessary to handle it are germane as are the prevailing fee standards in the community. However, this

latter factor must be balanced against the fact that the appointed attorney is performing a public service and being compensated from public funds (cf., People v Manning, supra). As such, the attorney cannot and should not expect to receive as compensation the same amount or more than he or she would charge if acting as retained counsel (supra). As regards the reasonableness of the hours logged, close scrutiny should be given to the documentation submitted; not only must it document the services rendered with sufficient detail and particularity to enable the court to determine that the hours were actually and reasonably expended, but the references must be specific so as to insure lack of duplication (cf., In re Olson, supra; In re Donovan, supra; Matter of Kelly, 187 AD2d 718; Matter of Rahmey v Blum, supra).

Applying these principles to this case, we conclude that both the hourly rates charged ($150/hour for petitioner, $125/hour for an associate attorney and $30/hour for a law clerk) are unreasonable as is certain of the time logged by petitioner on the case. In our view $100 per hour for petitioner's time, $75 per hour for the time of his associate attorney and other attorneys in his firm, and $20 per hour for the time of his law clerk is more than adequate under these circumstances. While these amounts are less than one third of the amounts petitioner claims he charges private clients, it is well in excess of the statutorily set fees for attorneys performing other public services (see, County Law § 722-b; Judiciary Law § 35). Moreover, we believe that it is in all respects fair and reasonable considering the nature of this case. While admittedly the case was protracted, it involved only the usual defense motions, the issues presented were relatively straightforward and the services performed were essentially basic consisting, in the main, of motion work and plea negotiations. There was a minimum of court time and no trial time.

Turning to the subject of time spent, initially we note that billing entries allocated to "document review" of unspecified documents, the preparation of unspecified documents, research on unidentified issues, time spent reviewing the file for nonspecified purposes and numerous conferences on undocumented topics lack the requisite particularity to permit an intelligent determination of whether the services were reasonably expended or were duplicative of others. As such, these billings must be disallowed in their entirety. These disallowed billings total 56.3 hours on the second itemized bill (i.e., 49.7 associate hours, 5.8 law clerk hours, 0.8 hour of petitioner's

time) and 47.6 hours on the third itemized bill (i.e., 42.6 associate hours and 5 law clerk hours). Moreover, in our view the billed total of what appears to be 11.1 associate hours on February 11-13, 1990 to prepare a reply affidavit and 2.7 hours on March 8-9, 1990 to prepare a letter to a Judge are excessive and are reduced to 3 hours and one-half hour, respectively.

Accordingly, of the 394.6 total hours claimed, we find only 280.4 to be compensable. Of those hours, 74.5 are attributable to petitioner, 199.1 to associates and other attorneys in the firm and 6.8 to law clerks. Multiplying these amounts by the adjusted hourly rates previously set forth, we find petitioner to be entitled to $22,518.50 for the services enumerated in the second and third bills.

CASEY, J. (concurring in part and dissenting in part). Under the clear wording of County Law § 701, we find no authorization, express or implied, permitting reimbursement to petitioner as a Special District Attorney for payments of fees and expenses made or incurred by him on behalf of attorneys and legal staff that he appointed *sua sponte.* Both before and after its August 22, 1991 amendment, the statute limits the payment of necessary disbursements and reasonable compensation to *"the services of the person so appointed and acting,* as certified by the presiding judge or justice" (County Law § 701 [5] [emphasis supplied]). This statutory provision is unambiguous, and "a very important purpose is served by adhering to the plain language of the statute and to its exceptional function of displacing an elected constitutional officer" *(People v Leahy,* 72 NY2d 510, 514). The appointment of the Special District Attorney must, therefore, be considered a personal appointment, and the payment of disbursements and reasonable compensation pursuant to County Law § 701 is limited to compensation for the services of the Special District Attorney himself.

Pursuant to County Law § 701 (4), the Special District Attorney "shall possess the powers and discharge the duties of the district attorney during the period for which he or she shall be appointed". A District Attorney's authority to appoint assistants and other legal staff is not derived from the general powers of the office *(see,* County Law § 700), but from specific provisions contained in County Law §§ 702 and 703. Pursuant to County Law § 702 (1), a District Attorney can appoint assistants only if authorized to do so by the county board of

supervisors, and County Law § 703 authorizes a District Attorney to employ counsel to assist in the trial of a crime which presents unusual difficulty, but only with the written approval of the County Judge. It is clear, therefore, that a Special District Attorney lacks the authority to make *sua sponte* appointments of assistants and other legal staff.

The appointment of the Special District Attorney by the trial court insures that the appointee will be qualified and experienced, and the appointee is directly responsible and answerable to the appointing court for the proper performance of the duties of the office underlying the appointment. To permit the Special District Attorney to act *sua sponte* and make his own appointments tends to dilute, if not destroy, this chain of direct responsibility that should exist between the court and the person performing the duties of the office of Special District Attorney.

The majority concludes that the Special District Attorney's appointment of other attorneys and legal staff, whose fees are payable at a lesser rate than the Special District Attorney's fees, will benefit the public treasury, but in this case the public treasury is being asked to pay out some $84,000 for the presentation to the Grand Jury of two misdemeanors, one of which was immediately dismissed on the Special District Attorney's own motion and the other of which was disposed of by plea. Considering that the elected District Attorney's annual salary for an entire year of investigation, presentation and prosecution of offenses was $82,000, the procedure employed by the Special District Attorney in this case should not be viewed as an exercise in fiscal economy.

For all of these reasons, reimbursement to the Special District Attorney for disbursements and legal fees incurred by him on behalf of his own appointees should be denied in its entirety, as an unauthorized expenditure of public funds, and that part of the order appealed from which allows such reimbursement to the Special District Attorney should be reversed. As to the 74.5 additional hours of services that the majority has found attributable to the Special District Attorney personally at an hourly rate of $100, we have no objection to the payment of that amount.

WEISS, P. J., and LEVINE, J., concur with MAHONEY, J.; CASEY and MERCURE, JJ., concur in part and dissent in part in a separate opinion by CASEY, J.

Ordered that the order is modified, on the facts, without

costs, by reversing so much thereof as awarded petitioner $48,667.50 in legal fees for his services as Special District Attorney; the fee award is reduced to $22,518.50; and, as so modified, affirmed.