■ In the Matter of Steven F. Quill et al., Respondents-Appellants, v Cathedral Corporation, Formerly Columbia Corporation, Appellant-Respondent. [659 NYS2d 919] —Spain, J. (1) Cross appeals from an order of the Supreme Court (Cobb, J.), entered February 27, 1996 in Columbia County, which, in a proceeding pursuant to Business Corporation Law § 623, *inter alia*, awarded costs and counsel fees to petitioners, and (2) appeal from the judgment entered thereon.

This proceeding was originally commenced by petitioners to determine the fair value of their stock; petitioners had dissented from a proposed sale of respondent's assets which comprised substantially all of its assets. In December 1993, following extensive discovery, pretrial motion practice and a nonjury trial, Supreme Court determined that the fair value of each share in respondent corporation was $900.25; cross notices of appeal challenging the valuation were filed. The court also found that because the $900.25 materially exceeded the $600 per share offer made to shareholders, petitioners were entitled to an award of costs and expenses (*see,* Business Corporation Law § 623 [h] [7]); Supreme Court, however, adjourned further proceedings on the issue of costs pending

---

* We note that this argument has been abandoned by defendants on appeal.

this Court's disposition of the cross notices of appeal filed by the parties. Thereafter, we affirmed Supreme Court's valuation (*see, Matter of Quill v Cathedral Corp.*, 215 AD2d 960, *lv denied* 86 NY2d 838). Supreme Court then received proof with respect to the amount of costs, expenses and counsel fees requested by petitioners and, in February 1996, awarded petitioners $260,798.94, together with interest on those expenses incurred since the court's December 1993 decision. A judgment was thereafter entered against respondent for $304,599.79 plus interest. The sum awarded did not include fees paid to petitioners' Massachusetts counsel as Supreme Court found that his services were not reasonably necessary. The court calculated petitioners' remaining counsel fees according to the $110 to $180 hourly rates charged by petitioners' counsel. Notably, the award included fees and expenses incurred in connection with the appeal of Supreme Court's December 1993 order. Respondent appeals and petitioners cross-appeal from the February 1996 order and the ensuing judgment.

We affirm. Business Corporation Law § 623 (h) (7) authorizes, in pertinent part, the assessment of: "costs, expenses, and fees incurred by any or all of the dissenting shareholders who are parties to the proceeding against the corporation if the court finds any of the following: (A) that the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay * * * (C) that the corporation failed to institute the special proceeding within the period specified therefor". The Court of Appeals, in *Matter of Dimmock v Reichhold Chems.* (41 NY2d 273, 278), clearly stated that the aforementioned costs and expenses include reasonable counsel fees. A fee's reasonableness is determined by a variety of factors, including the amount of time spent on a case and the ultimate result achieved (*see, Matter of Endicott Johnson Corp. v Bade*, 37 NY2d 585, 591), a comparison of the fee charged with that customarily charged for " 'similar services by lawyers in the community with like experience and of comparable reputation' " (*Getty Petroleum Corp. v G.M. Triple S. Corp.*, 187 AD2d 483, quoting *Matter of Rahmey v Blum*, 95 AD2d 294, 302), and the complexity of the legal issues involved (*see, Matter of Rahmey v Blum, supra*, at 303-304). Further, the reasonableness of counsel's hourly rate is determined by comparing the rate to that customarily charged for similar services by counsel with like experience and skill (*see, Getty Petroleum Corp. v G.M. Triple S. Corp., supra; Matter of Rahmey v Blum, supra*), and evidence that counsel customarily charged that rate in other cases will tend to establish its reasonableness (*see, Getty Petroleum Corp. v G.M. Triple S. Corp., supra*).

Here, we conclude that Supreme Court did not abuse its discretion in making the award of counsel fees. The case at bar involved a complicated valuation proceeding initiated by petitioners, in which they were largely successful. Respondent's contention that the disparity between billing rates of counsel for both parties serves as an indication that petitioners' fees are unreasonable is unpersuasive; in our view, that disparity alone does not establish unreasonableness. Moreover, comparison of the hourly rates of petitioners' counsel ($110 to $185) to those charged by respondent's counsel ($90 to $120) does not require the conclusion that the former are unreasonable. This is especially true where, as here, the higher rates were charged for services rendered by a senior partner whose hourly rates were substantially higher in other matters wherein he served as counsel.

Next, we reject respondent's contention that Supreme Court erred in not apportioning the costs between the parties (*see,* Business Corporation Law § 623 [h] [7]). The cases relied upon by respondent apportioned costs in dissolution proceedings brought under Business Corporation Law §§ 1104-a and 1118 rather than a valuation proceeding brought under Business Corporation Law § 623 (*see, Matter of Blake v Blake Agency,* 107 AD2d 139, *lv denied* 65 NY2d 609; *Matter of Gift Pax,* 123 Misc 2d 830, *affd* 107 AD2d 97). As set forth in *Matter of Blake v Blake Agency (supra),* the "chilling effect" the costs of bringing a Business Corporation Law § 623 proceeding may have on dissenting shareholders make it a less appropriate case for apportionment than the dissolution cases (*see, Matter of Blake v Blake Agency, supra,* at 151); under the circumstances in this case we do not find that Supreme Court abused its discretion.

Continuing, Supreme Court's exercise of its discretion in including costs incurred prosecuting appeals in this case is well supported (*see, e.g., Podhorecki v Lauer's Furniture Stores,* 201 AD2d 947, *lv dismissed* 81 NY2d 783; *Perkins v Town of Huntington,* 117 AD2d 726, 727) and, therefore, will not be disturbed. We also conclude that Supreme Court's assessment of interest on the costs was appropriate. Although Business Corporation Law § 623 does not provide for such interest, CPLR 5002 provides for recovery of interest from the date of decision to entry of the judgment and CPLR 5003 provides for interest from the docketing of the judgment. Supreme Court's December 1993 decision on the valuation question stated petitioners' entitlement to costs, including counsel fees, and established respondent's liability for those costs within the meaning of CPLR 5002. The judgment entered on the costs issue in March

1996 is a money judgment on which interest runs from the time of docketing (*see*, CPLR 5003).

Finally, we conclude that Supreme Court properly refused to award petitioners fees for their Massachusetts counsel. The operative standard to determine whether fees for services performed by counsel should be included in an award of counsel fees is whether the services were reasonably necessary (*see, Matter of Rahmey v Blum, supra,* at 300-301); concomitantly, the hours billed for duplicative services may not be included in a counsel fee award (*see, id.,* at 300-301). Moreover, the failure to document services in adequate detail precludes "determination of whether the services were reasonably expended" (*Harvey v County of Rensselaer,* 190 AD2d 261, 265, *revd on other grounds* 83 NY2d 917). Here, the Massachusetts attorney essentially acted as liaison between petitioners and other professionals involved in the proceedings. Moreover, although an occasional entry identified the person with whom counsel met or the document he reviewed, there was no accompanying explanation of the purpose thereof. The record indicates that his services were duplicative and to the extent that he provided legal services in Massachusetts, nothing in the record supports the need for consultation by Massachusetts counsel.

We have reviewed the parties' remaining contentions and find them to be without merit.

Mikoll, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, without costs.