■ In the Matter of the Acquisition of Real Property by NAS-SAU COUNTY, Appellant. CLARA HARTMAN, Respondent. [717 NYS2d 296] —In a condemnation proceeding, the condemnor, Nassau County, appeals, as limited by its brief, from so much of a decree of the Supreme Court, Nassau County (McCabe, J.), entered August 18, 1999, as, after a nonjury trial, awarded the condemnee, Clara Hartman, compensation in the total sum of $70,311.

Ordered that the decree is modified, on the law, by deleting the provision thereof awarding consequential damages in the sum of $45,000 and substituting therefor a provision awarding consequential damages in the sum of $2,115; as so modified, the decree is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended decree.

The measure of damages in partial taking cases is the difference between the value of the whole before the taking and the value of the remainder after the taking (see, Diocese of Buffalo v State of New York, 24 NY2d 320). In arriving at the amount of compensation, a court must set forth separate findings for each of the elements involved (see, Wood v State of New York, 22 AD2d 756). Here, the court properly concluded that the value of the property before condemnation was $200,000 and

the value after condemnation was $175,000. Therefore, the defendant's total award for the taking, not including the working easement and improvements, should have been $25,000 (*see, Matter of Gazza v New York State Dept. of Envtl. Conservation,* 217 AD2d 202, *affd* 89 NY2d 603, *cert denied* 522 US 813). Since direct damages were properly deemed to be $22,885, the defendant is entitled to consequential damages in the amount of $2,115.

The appellant's remaining contentions are without merit. Mangano, P. J., Thompson, Luciano and Feuerstein, JJ., concur.