Rose, J.
Appeal from an order of the County Court of Rens *765 selaer County (McGrath, J.), entered July 24, 2002, which partially granted petitioners’ application pursuant to County Law § 701 for payment of services as special district attorney, associate counsel and investigative staff.
On this appeal, we hold that a flat fee award is not reasonable compensation for the services of a duly appointed special district attorney. After approximately one third of the charges in the four indictments obtained by petitioner Michael Katzer (hereinafter petitioner) were dismissed before trial, and the two trials resulted in acquittals, he, along with his associate counsel and investigative staff, commenced this proceeding for an award of fees pursuant to County Law § 701. Petitioner reported that he had personally spent 1,724.45 hours over a period of 23 months investigating the underlying charges of misconduct against five of respondent’s employees, obtaining the indictments and prosecuting the two actions through trial, and he sought an hourly rate of $166 for his time, adjusting for inflation the hourly rate of $100 deemed reasonable by this Court for a special district attorney in Matter of Harvey v County of Rensselaer (190 AD2d 261, 265 [1993], appeal dismissed 82 NY2d 846 [1993], revd on other grounds 83 NY2d 917 [1994]).
County Court initially declined to set any hourly rate on the ground that criminal defense counsel generally charge a flat fee rather than an hourly rate. The court then reviewed the results obtained, deemed the reported hours to be excessive and awarded petitioner a flat fee of $40,000 for each of the two jury trials. Lesser flat fee amounts were awarded to his associate counsel and staff. The court’s decision, however, does not set forth how it arrived at the amount of these flat fee awards. Rather, County Court sought to show the reasonableness of the amount of petitioner’s award by multiplying two thirds of his reported hours by what it termed a “blended” hourly rate of $70 to yield a comparable award of $80,000. The court explained that it blended the hourly rate because “many hours logged consisted of preparatory work as opposed to pure legal work.” However, there is no finding of the number of hours or the hourly rates for each category of work. County Court also reduced the number of hours by one third, explaining that one third of the original criminal charges had been no-billed or dismissed. However, it made no finding that the hours were unnecessary, nor did it articulate inefficiency or ineffectiveness as the reasons for their elimination. In addition, County Court did not address respondent’s specific objections to petitioner’s time records.
County Law § 701 leaves the amount of fees to be awarded to *766 a special district attorney to the sound discretion of the trial court■, specifying only that there be “reasonable compensation” (County Law § 701 [5]; see Matter of Harvey v County of Rensselaer, supra at 264). This Court, however, has prescribed that “the court’s discretion should be guided by . . . (1) the reasonableness of the attorney’s hourly rate and (2) the reasonableness of the amount of time spent by the attorney on the matter” (Matter of Harvey v County of Rensselaer, supra at 264).
The reasonableness of an hourly rate turns upon several factors, such as the complexity of the action, the degree of expertise needed to properly handle it and the community’s fee standards for legal services performed for the public and paid from public funds (see id. at 264-265; Matter of Quill v Cathedral Corp., 241 AD2d 593, 594 [1997], lv denied 90 NY2d 812 [1997]; Matter of Rahmey v Blum, 95 AD2d 294, 302-303 [1983]). Likewise, the reasonableness of the hours spent turns upon other factors, such as the type of work done, the specificity of counsel’s time records, the competence and necessity of the services performed, and the results achieved (see Matter of Harvey v County of Rensselaer, supra at 265; Matter of Rourke v New York State Dept. of Correctional Servs., 245 AD2d 870, 870-871 [1997]; Matter of Rahmey v Blum, supra at 300-301). Moreover, the court should multiply the number of hours found to be reasonable by a reasonable hourly rate, and then adjust the fee upward or downward based on any other relevant factor, specifying the reasons for the adjustment based on the facts of the particular case (see Podhorecki v Lauer’s Furniture Stores, 201 AD2d 947, 948 [1994]; Matter of Rahmey v Blum, supra at 300-305).
Here, despite acknowledgment of these guidelines, County Court’s flat-fee awards were arbitrary because they ignore both the method approved in Matter of Harvey and the fact that assigned defense counsel paid from public funds are regularly compensated on an hourly basis (see County Law § 722-b). Thus, they have no rational support in the mere fact that private defense counsel usually charge flat fees.
Similarly Unavailing is the alternate route to the same award taken by County Court in reducing the number of hours by a percentage of dismissed charges and then multiplying the result by a blended hourly rate. Reduction of petitioner’s hours in proportion to the percentage of dismissed charges was arbitrary because County Court did not explain its reasons for doing so, and there is no basis in the record to conclude that the excluded hours were expended solely on the dismissed charges or that they were without any value. While County Court could have examined petitioner’s, time records to determine if any hours *767 were unnecessary, inefficient or unproductive and reduced the allowable hours accordingly (see Matter of Rourke v New York State Dept. of Correctional Servs., supra at 870-871), its decision reflects no such inquiry.
Finally, County Court’s use of a blended hourly rate also has no rational support in the record. While there is authority for distinguishing counsel’s in-court time from out-of-court legal services or clerical work (see Burke v Crosson, 191 AD2d 998, 999 [1993]; Becker v Empire of Am. Fed. Sav. Bank, 177 AD2d 958, 958 [1991]; Matter of Rahmey v Blum, supra at 301), County Court failed to quantify the hours attributable to each type of work or determine the different hourly rates appropriate for each. In the absence of such an explanation, it will be difficult, if not impossible, for a reviewing court to determine if the award was within the proper exercise of the court’s discretion.
Because County Court did not follow the analytical approach described in Matter of Harvey v County of Rensselaer (supra at 265) and Matter of Rahmey v Blum (supra at 300-305), the order must be reversed and the matter remitted for determination of the appropriate hourly rates, allowable hours and resulting reasonable compensation for the services of petitioner, his associate counsel and investigative staff.
Crew III, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court’s decision.