■   COLDIRON FUEL CENTER, LTD., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 102518.) [778 NYS2d 208]—

Crew III, J. Appeal from a judgment of the Court of Claims (Lebous, J.), entered June 20, 2003, upon a decision of the court in favor of claimant.

This claim arises from the appropriation by defendant of five contiguous parcels of land in the Town of Ashland, Chemung County, for the purpose of upgrading State Route 17. The property at issue was bisected by Route 17, with approximately 63.5 acres lying north of the highway (three of which were developed with claimant's gas station and truck stop) and 18 acres lying south of the highway. The net effect of the appropriation was that 0.0685 acres was taken in fee from claimant without access.

At trial, both parties presented expert testimony regarding the highest and best use of the property, as well as an assessment of the direct and severance damages to which claimant was entitled. Ultimately, the Court of Claims awarded claimant $853,450 in damages, plus interest, representing $99,000 in direct damages, $170,450 in severance damages for the land north of Route 17, $14,000 in severance damages for the land south of Route 17 and $570,000 for the buildings and improvements contained thereon.[1] Defendant now appeals.

In calculating claimant's direct damages, the Court of Claims found that the actual taking amounted to 1.1 acres of land. In so doing, the court included both parcel No. 151, consisting of 1.037 acres, and parcel No. 134, consisting of 0.0685 acres. Applying a per acre value of $90,000,[2] the court calculated

----

1.   The parties stipulated as to the $14,000 in severance damages for the land south of Route 17. Hence, the remaining computations as to damages, both at trial and for purposes of our decision on appeal, pertain only to the land lying north of Route 17.

2.   For purposes of this appeal, defendant accepts the per acre valuation figure of $90,000 for direct damages.

claimant's direct damages to be $99,000 ($90,000 × 1.1 acres). Defendant's sole contention on appeal is that the Court of Claims erroneously included parcel No. 151 in its determination of the amount of land taken in fee by defendant, as that 1.037 acres represents the roadbed of Old State Route 17 to which claimant did not hold title. Hence, defendant contends that claimant's direct damages actually amount to only $6,165 ($90,000 per acre × 0.0685 acres appropriated). Claimant concedes that the court mistakenly found that 1.1 acres had been directly appropriated by defendant, that defendant actually appropriated 0.0685 acres and that the remaining 2.9315 acres at issue suffered severance damages, arguing only that the overall effect of such error is negligible.

"It is well settled that the measure of damages for a partial taking of real property is the difference between the value of the whole property before the taking and the value of the remainder after the taking" (*Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002] [citations omitted]). In this regard, the property owner "is entitled not only to the value of the land taken (i.e., direct damages), but also to any consequential damages which arise from [defendant's] use of the parcel taken" (*Williams v State of New York*, 90 AD2d 882, 883 [1982]; *see Matter of Nassau County [Hartman]*, 278 AD2d 236 [2000]). Consequential, or severance, damages, which represent the diminution in the value of the remainder as a result of a partial taking (*see Williams v State of New York, supra* at 883), "are measured by the difference between the before and after values, less the value of the land and improvements appropriated" (*Chemical Corp. v Town of E. Hampton, supra* at 420).

Here, the Court of Claims determined that the fair market value of the whole property, i.e., the northern parcel, before the taking was $840,000, $270,000 for the land and $570,000 for the buildings and improvements. As to the fair market value of the remainder after the taking, the court applied a value of $300 per acre to what it believed to be the 1.9-acre remainder to arrive at a value of $570, resulting in damages of $269,450, representing $99,000 in direct damages and $170,450 in severance damages.[3] Inasmuch as the parties are in agreement that the Court of Claims erred in calculating both the acreage appropriated (0.0685) and the acreage remaining (2.9315), the amount of direct damages awarded to claimant should be

---

**3.** There appears to be a mathematical error in the Court of Claims' calculations, as the value of the whole before the taking ($270,000) minus the value of the remainder after the taking ($570) equals $269,430, not $269,450 as found by the Court of Claims.

reduced to $6,165 ($90,000 × 0.0685 acres), which, in turn, results in severance damages in the amount of $262,955 ($270,000 [total value of the whole before the taking]—$880 [2.9315 acres × $300] [value of remainder after the taking]—$6,165 [direct damages]). Thus, claimant's total damage award amounts to $853,120, representing $6,165 in direct damages, $262,955 in severance damages for the land north of Route 17, $14,000 in severance damages for the land south of Route 17 and $570,000 for claimant's buildings and improvements, together with interest thereon.[4]

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded claimant damages in the amount of $853,450, together with interest thereon; claimant is awarded damages in the amount of $853,120, together with interest thereon; and, as so modified, affirmed.

---

4. As claimant correctly notes, prior to the adjustment for interest, this results in a net difference of $330 ($853,450 − $853,120).