■ GERARD WEBSTER et al., Respondents-Appellants, v GIACINTO M. RAGONA et al., Defendants, and WALTER A. PEETERS, Appellant-Respondent. [857 NYS2d 780]—

Spain, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered April 5, 2007 in Otsego County, which awarded plaintiffs damages for the diminution in value of their property plus counsel fees.

This action to quiet title has twice been before this Court, resulting in determinations that defendants Giacinto M. Ragona and Antoinette M. Ragona enjoyed an easement over the lands of adjacent landowners, plaintiffs (7 AD3d 850 [2004]), and that plaintiffs were entitled to recover damages and counsel fees resulting from the breach of the warranties and covenants in the deed given them by the former owner of the encumbered

property, defendant Walter Peeters (hereinafter defendant) (40 AD3d 1360 [2007], *lv dismissed* 9 NY3d 900 [2007]). Following an inquest, Supreme Court awarded plaintiffs $7,000 in damages for the diminution in value of their property and $32,500 in counsel fees. Defendant appeals and plaintiffs cross-appeal, and we now affirm.

The propriety of the amount of damages and counsel fees awarded by Supreme Court is the sole issue before us in this latest appeal. We turn first to defendant's challenge to the $7,000 awarded to plaintiffs in damages. Prior to the inquest, as a condition of a settlement between the Ragonas and plaintiffs, the Ragonas surrendered their right to the easement over plaintiffs' property. In exchange, plaintiffs ceded a strip of land along their common boundary line to the Ragonas. The Ragonas then sold their parcel—the former dominant estate—to Haney Wellness, LLC. As a further condition of the settlement agreement, plaintiffs granted Haney a license to use, for ingress and egress, the same driveway over which the easement previously had existed for as long as Haney remains the sole fee owner of 32 Main Street, the former Ragona parcel.

Ordinarily, "damages for a breach of covenant against encumbrances or a breach of a warranty of title are measured by subtracting the value of the property after the defect is discovered from its value before the defect existed" (*Yonkers City Post No. 1666, Veterans of Foreign Wars of U. S. v Josanth Realty Corp.*, 67 NY2d 1029, 1031 [1986]). However, at the inquest, no testimony or appraisals were offered with respect to the fair market value of plaintiffs' property before the easement existed, nor its fair market value after discovery of the easement. Instead, having already taken steps to eliminate the easement, plaintiffs measured their damages based on the costs incurred in that endeavor—specifically, the value of the land ceded to the Ragonas in exchange for their relinquishment of the easement. Gerard Webster testified that the strip of land surrendered by plaintiffs to the Ragonas measured 4.6 feet by 197.1 feet, or 908.6 square feet, and comprised roughly 2.8% of plaintiffs' 31,567-square-foot parcel. He further testified that he purchased the property for approximately $250,000 in 1995 and, as such, he was entitled to 2.8% of $250,000, or $7,000, in damages. No other evidence was submitted with respect to the value of the parcel surrendered.

Although the best evidence of the injury caused by defendant's breach of the deed's warranties and covenants would have been an assessment of the impact that the easement itself had on the value of plaintiffs' property as a whole, and while the proof

submitted by plaintiffs is somewhat inexact—given that the sale price used to calculate a per acre value was for an improved lot, rather than vacant land—we nevertheless find the record evidence sufficient to sustain Supreme Court's findings. Given the fact that, at the time of the inquest, the easement already had been eliminated by transferring a portion of plaintiff's property to the Ragonas, this case is factually akin to situations involving partial takings or tortious damage to real property. In the case of a partial taking, including where an easement has been created, "the property owner 'is entitled not only to the value of the land taken (i.e., direct damages), but also to any consequential damages which arise from [the] use of the parcel taken' " (*Coldiron Fuel Ctr., Ltd. v State of New York*, 8 AD3d 779, 780 [2004], quoting *Williams v State of New York*, 90 AD2d 882, 883 [1982]; *see Donaloio v State of New York*, 99 AD2d 335, 338 [1984], *affd* 64 NY2d 811 [1985]; *Goldsmith v State of New York*, 32 AD2d 607, 608 [1969], *affd* 26 NY2d 899 [1970]). Where permanent injury to real property is involved, diminution of the property's value is not the exclusive method of calculating damages. "In many cases . . . the cost of repairing the injury will be the proper measure of damages, so long as the cost of restoring the land to its former condition is less than the diminution in the market value of the whole property by reason of the injury" (*Prashant Enters. v State of New York*, 228 AD2d 144, 147-148 [1996]; *see Fisher v Qualico Contr. Corp.*, 98 NY2d 534, 539 [2002]).

Significantly, "a plaintiff need only introduce evidence of one measure of property damages" (*Fisher v Qualico Contr. Corp.*, 98 NY2d at 539), shifting the burden to the defendant to present an alternative method. Here, defendant offered no alternate proof of the value of the land as a whole, or of the small parcel ceded to the Ragonas. Indeed, it could be argued that the $7,000 does not represent the full damages suffered, as plaintiffs claimed nothing for consequential damages flowing from their issuance of the license to Haney (*cf. Coldiron Fuel Ctr., Ltd. v State of New York*, 8 AD3d at 780-781). Under these circumstances, we decline to disturb Supreme Court's findings (*see Matter of Albany County Airport Auth. [Buhrmaster]*, 265 AD2d 709, 710-711 [1999], *lv denied* 94 NY2d 759 [2000]; *see also Guilder v Corinth Constr. Corp.*, 235 AD2d 619, 620 [1997]).

We next turn to plaintiffs' contention that Supreme Court abused its discretion in setting counsel fees at $32,500, rather than the full $88,410.33 demanded by plaintiffs. Although defendant did not dispute the reasonableness of the hourly rate charged or the veracity of the bills submitted, the imposition of

counsel fees remains "committed to the sound discretion of the trial court upon due consideration of various factors, including but not limited to 'the time commitment involved, the relative difficulty of the matter, the nature of the services provided, counsel's experience and the results obtained' " (*Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1287 [2007], quoting *Matter of Rose BB.*, 35 AD3d 1044, 1046 [2006], *appeal dismissed* 8 NY3d 936 [2007]; *see Siegal Law Offs., LLC v Tulin*, 32 AD3d 596, 597 [2006]; *Matter of Drossos*, 26 AD3d 602, 602-603 [2006], *lv denied* 7 NY3d 702 [2006], *appeal dismissed* 7 NY3d 807 [2006]; *Matter of Quill v Cathedral Corp.*, 241 AD2d 593, 594 [1997], *lv denied* 90 NY2d 812 [1997]).

Here, Supreme Court found that plaintiffs were "fairly billed" and, appropriately, did not alter the extent of plaintiffs' liability to their attorneys. Nevertheless, the court found that the full amount of counsel fees that were calculated based on the actual hours billed could not be recovered from defendant, apparently because they exceeded "what the services were reasonably worth" (*see Charman v Tatum*, 54 App Div 61, 65 [1900], *affd* 166 NY 605 [1901]). Because this case presents a unique circumstance in which the amount of counsel fees requested is over 12 times the full amount of damages proven in the action, we agree. Given that the result obtained by the representation provided is an integral factor to assessing a reasonable amount of counsel fees and, here, the full award sought by plaintiffs in damages was only $7,000, on the record before us we cannot find that the court abused its discretion in reducing the award for counsel fees from the full $88,410.33 incurred (*see Matter of Quill v Cathedral Corp.*, 241 AD2d at 594; *Shrauger v Shrauger*, 146 AD2d 955, 956 [1989], *appeal dismissed* 74 NY2d 844 [1989]; *cf. Continental Bldg. Co. v Town of N. Salem*, 211 AD2d 88, 95 [1995], *appeal dismissed and lv denied* 86 NY2d 818 [1995]).

Defendant's contention that plaintiffs' counsel is precluded from receiving any fees as a result of his failure to produce a letter of engagement, as required by 22 NYCRR 1215.1, is without merit, as plaintiffs' counsel was retained in December 2000, prior to the March 4, 2002 effective date of 22 NYCRR 1215.1 (*see Ziskin Law Firm, LLP v Bi-County Elec. Corp.*, 43 AD3d 1158, 1159 [2007]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 62 n 6 [2007]). Likewise, because the litigation with the Ragonas also arose out of defendant's breach of the deed warranties and covenants, we reject defendant's assertion that plaintiffs are limited to recovering those counsel fees associated with their claims against defendant. Defendant's remaining

challenges to his liability for both damages and counsel fees "have previously been considered and rejected by this Court" and, thus, will not be revisited under the law of the case doctrine (*Beneke v Town of Santa Clara*, 45 AD3d 1164, 1165 [2007]; *see People v Evans*, 94 NY2d 499, 502-504 [2000]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.